SCANNED

UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

U.S. DISTRICT COURT
DISTRICT OF MAINE
RECEIVED AND FILED

2011 JUL 27 P 1:44

UNITED STATES OF AMERICA )
)
v. )
)
CHERYL GALLANT )

No. 2:11-mj-128-JHR

18 U.S.C. § 1347

## CRIMINAL COMPLAINT

I, Eric Hafener, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

### COUNT 1
### (Health Care Fraud)

Between about September 2009 and December 2009, in the District of Maine, Defendant

**CHERYL GALLANT**

did knowingly and willfully execute and attempt to execute a scheme and artifice to defraud MaineCare and CVS Pharmacy, health care benefit programs as defined in Title 18, United States Code, Section 24(b), to obtain by means of materially false and fraudulent pretenses, representations, and promises, money and property (e.g., prescription medication) owned by and under the custody and control of such health care benefit programs. Specifically, Defendant received prescription oxycodone from CVS Pharmacy and utilized her MaineCare account to pay for these prescriptions when in fact these prescriptions were obtained for purposes other than a legitimate medical need including distribution to others.

In violation of Title 18, United States Code, Sections 1347 and 24(b).

This Complaint is based on those facts which are set forth in my affidavit of July 27, 2011, which is attached hereto and incorporated herein by reference.

Eric Hafener
Special Agent, OIG-HHS

Sworn to before me, and subscribed in my presence this 27th day of July, 2011.

John H. Rich III
United States Magistrate Judge

**AFFIDAVIT OF ERIC HAFENER**

I, Eric Hafener, am a Special Agent, U.S. Department of Health and Human Services, Office of Inspector General, Office of Investigations (OIG-HHS), and I swear that the facts set forth below are true. I make this Affidavit in support of the issuance of a criminal complaint charging Cheryl Gallant with the offense of health care fraud, in violation of Title 18, United States Code, Section 1347. Because this Affidavit is being submitted for a limited purpose, I have not included each and every fact that I know concerning this investigation. Rather, I have set forth only those facts that relate to the issue of whether probable cause exists to support the issuance of a criminal complaint. In addition, where I assert that a statement or observation was made, I did not personally hear the statement or make the observation unless specifically so stated. Instead, the information was provided by a witness or another law enforcement officer, either verbally or in writing, who had direct or indirect knowledge of the statement or observation.

1. I am a Special Agent with OIG-HHS and have been employed in that capacity since July 1998, and have been employed in federal law enforcement since October 1992. I have attended the Criminal Investigation Training Program at the Federal Law Enforcement Training Center. I have a Master of Business Administration degree and a Bachelor of Business Administration degree. I am knowledgeable with the rules and regulations pertaining to services that are covered by Medicare and Medicaid, also known as MaineCare. I have also participated in investigations into the unlawful acquisition and distribution of illegal drugs, in violation of Title 21 of the United States Code and/or the drug laws of the State of Maine. I have conducted

or participated in, among other things, surveillance, undercover operations, the execution of search and arrest warrants, and debriefings of informants and confidential sources.

2. MaineCare is the State of Maine's Medicaid program and is a health care benefit program as that term is defined in Title 18, United States Code, Section 24(b). MaineCare is jointly funded by federal and state sources and provides health insurance to disabled and low income individuals.

3. MaineCare includes a prescription drug program that covers at least a portion of the cost of medically necessary prescriptions for MaineCare beneficiaries.

4. CVS Pharmacy is a health care benefit program as that term is defined in Title 18, United States Code, Section 24(b). CVS Pharmacy is authorized by federal law and regulations to dispense medications pursuant to a prescription issued for a legitimate medical purpose by a physician acting in the usual course of professional practice.

5. Oxycodone is a Schedule II controlled substance and is the active ingredient in OxyContin. Oxycodone is a narcotic pain reliever that can only be obtained legally with a physician's prescription. Based on my training and experience, I know that oxycodone has a legitimate medical purpose. However, I also know that oxycodone is regularly diverted and is a popular street drug.

6. In June 2011, Cooperating Defendant #1 ("CD #1") provided the following information to law enforcement:[1]

[1] CD #1 has previously provided credible information to law enforcement. CD #1 has a criminal history that includes drug offenses and crimes of dishonesty. CD #1 is presently facing charges related to prescription fraud and is cooperating in hopes of receiving consideration at sentencing. No promises have been made to CD #1.

a. He/she is familiar with Cheryl Gallant and has personally observed Gallant both use and sell controlled substances;

b. He/she purchased oxycodone pills from Gallant in or about September 2009 at a residence within Cumberland County, Maine. He/she also purchased oxycodone pills from Gallant before and after September 2009;

c. Gallant charged CD #1 approximately $20-25 for a 30-mg oxycodone pill;

d. He/she has been to a pharmacy with Gallant and observed Gallant fill prescriptions that she received from Doctor A. CD #1 has been present when Gallant sold some of the pills obtained from Doctor A.

7. CD #1 described one occasion where Gallant provided pills from a prescription written by Doctor A to CD #1 for his/her personal use. Based on other facts provided by CD #1, I believe this event occurred in or about September 2009.

8. In May 2011, Cooperating Defendant #2 (CD #2) provided the following information to law enforcement:[2]

a. He/she is familiar with Cheryl Gallant and has personally observed Gallant both use and sell controlled substances;

b. He/she has observed Gallant sell oxycodone pills that Gallant obtained from a prescription written by Doctor A;

c. He/she filled a prescription for oxycodone pills written to Gallant by Doctor A because Gallant was unable to go to the pharmacy herself. Gallant then sold some

[2] CD #2 has previously provided credible information to law enforcement. CD #2 has a criminal history that includes drug offenses and crimes of dishonesty. CD #2 is presently facing charges related to prescription fraud and is cooperating in hopes of receiving consideration at sentencing. No promises have been made to CD #2.

of the pills from this prescription to CD #2. Gallant charged CD #2 approximately $1 per milligram of oxycodone;

d. He/she purchased oxycodone pills from Gallant approximately every other week throughout 2009.

9. In June 2011, SOI #1 provided the following information to law enforcement:[3]

a. He/she is familiar with "Shorty" and identified a known photograph of Cheryl Gallant as "Shorty;"

b. He/she knows "Shorty" to use controlled substances and SOI #1 has used controlled substances, including oxycodone, with "Shorty;"

c. He/she obtained controlled substances, including oxycodone, from "Shorty" in about July, August, and September 2009.

10. Based on my conversations with other law enforcement officers who are familiar with Gallant, I learned that Gallant is known by the nickname "Shorty."

11. Based on review of prescription records, I know that Gallant received approximately 19 prescriptions for 30-mg oxycodone pills from Doctor A between August 2009 and December 2009. Gallant obtained four of these prescriptions in September 2009, all of which were filled at CVS Pharmacy #804 in Portland, Maine. Gallant obtained four oxycodone prescriptions in October 2009 and five oxycodone prescriptions in November 2009. Of these nine prescriptions, eight were filled at CVS Pharmacy #804 in Portland, Maine and one at CVS Pharmacy #374 in Portland, Maine.

---

[3] SOI #1 has previously provided credible information to law enforcement. SOI #1 has a criminal history that includes drug offenses and violating conditions of release. SOI #1 was granted immunity from federal prosecution in exchange for his/her cooperation. No additional promises were made to SOI #1.

12. CVS Pharmacy submitted claims to, and received payments from, MaineCare for oxycodone dispensed to Cheryl Gallant.

13. As part of this investigation, I reviewed records maintained by MaineCare. Through a review of these records, I learned that MaineCare paid for at least a portion of all 19 oxycodone prescriptions filled by Gallant between August and December 2009 for a total payment of approximately $427.88

14. I also know based on review of medical records and from interviews of cooperating individuals that Gallant had a medical injury that resulted from a fall.

15. Based on my training and experience and the facts set forth above, I believe the following: (1) at least a portion of the oxycodone prescriptions filled by Gallant between August 2009 and October 2009 were distributed and not used for her legitimate medical needs; (2) the prescriptions were presented to the pharmacies as valid prescriptions necessary for Gallant's personal medical needs when in fact Gallant intended to distribute at least a portion of these prescriptions; (3) the pharmacies relied upon these prescriptions when they dispensed oxycodone to Gallant under the belief that the medication was being used for Gallant's legitimate medical needs; and (4) Gallant used MaineCare funds to pay for prescription drugs that were medically unnecessary and further distributed.

16. Based on the facts set forth above, I respectfully request that the Court issue a criminal complaint charging Cheryl Gallant with the offense of health care fraud, in violation of Title 18, United States Code, Section 1347.

Eric Hafener
Special Agent
OIG-HHS

Sworn to before me and subscribed in my presence this 27th day of July, 2011.

John H. Rich III
United States Magistrate Judge